## Darrell HILL *v.* STATE of Arkansas

CR 96-33                                        940 S.W.2d 487

Supreme Court of Arkansas
Opinion delivered March 24, 1997

*Montgomery, Adams & Wyatt, PLC,* by: *Dale E. Adams,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

PER CURIAM.    Darrell Hill was convicted of capital murder and sentenced to death. Mr. Hill moved to withdraw the appeal of his conviction. We remanded the case to the Montgomery Circuit Court to determine whether Mr. Hill was knowingly and intelligently waiving his right to appeal. *Hill v. State,* 323 Ark. 796, 917 S.W.2d 537 (1996).

The Circuit Court ordered a psychiatric examination to be done by State Hospital personnel for the purpose of determining Mr. Hill's capacity to make a rational choice with respect to continuing or abandoning his appeal.

In a letter of September 23, 1996, Dr. O. Wendell Hall, III, Forensic Medical Director of the Division of Mental Health Services of the Arkansas Department of Human Services, and Dr. Susan C. Doi, Forensic Staff Psychologist, reported to the Circuit Court that they had visited with Mr. Hill at the penitentiary for the purpose of evaluating him in response to the Court's request. They reported that Mr. Hill refused to participate in the evalua-

tion on the ground that Mr. Hill thought he was to be transported to the State Hospital where he would remain for thirty days for the purpose of the evaluation. He characterized their visit with him at the prison as a "drive by" evaluation in which he would not cooperate. The doctors' letter reviews records of previous mental evaluations of Mr. Hill and declares:

> Although a full evaluation could not be completed with Mr. Hill, it is the examiners' conclusion his decision not to participate was voluntary and not the result of mental disease or defect. Thus, it is our opinion Mr. Hill has the ability to take part in a competencuy evaluation, should he so choose. As there is no evidence to preclude him from being found competent to continue or abandon further litigation of the death sentence, our opinion is Mr. Hill is competent to appreciate his position in this matter and to make a rational choice with respect to waiving his rights of appeal on the death sentence.

Mr. Hill's counsel, by letter to the Circuit Court of January 28, 1997, stated, "Since the State Hospital will not abide by the Court Order, the only choice that the Court has at this time is to enter an Order showing that the State Hospital failed to abide by the Court's Order and dissolving the writ of certiorari and proceeding with the appeal."

In response to the State's motion to dissolve the writ, Mr. Hill's counsel on behalf of Mr. Hill states that the writ should be dissolved and ". . .let the Defendant decide whether to appeal in this matter."

In view of Mr. Hill's refusal to be evaluated and the consequent lack of a full mental evaluation to inform the Circuit Court's inquiry into Mr. Hill's capacity to waive his appeal knowingly and intelligently, we decline to honor his request to waive the appeal.

The motion to dissolve the writ of certiorari is granted. The appeal will proceed with the Clerk of this Court to establish the briefing schedule.